# 16-2361

*To Be Argued By*:
MATTHEW D. PODOLSKY

# United States Court of Appeals
## FOR THE SECOND CIRCUIT
## Docket No. 16-2361

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

CARMINE PERSICO,

*Defendant-Appellant*,

ANTHONY SALERNO, PAUL CASTELLANO, ANIELLO DELLACROCE, GENNARO LANGELLA, ANTHONY CORALLO, SALVATORE SANTORO, CHRISTOPHER FURNARI, SR., PHILIP RASTELLI, RALPH SCOPO, STEFANO CANONE,

*Defendants*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# BRIEF FOR THE UNITED STATES OF AMERICA

PREET BHARARA,
*United States Attorney for the Southern District of New York, Attorney for the United States of America.*
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2200

MATTHEW D. PODOLSKY,
MICHAEL FERRARA,
*Assistant United States Attorneys, Of Counsel.*

## TABLE OF CONTENTS

PAGE


Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT:

Judge Duffy Properly Denied Persico's Motion Pursuant to Former Rule 35(a) . . . . . . . . . . . . 6

A. Applicable Law . . . . . . . . . . . . . . . . . . . . . . 7

B. Discussion . . . . . . . . . . . . . . . . . . . . . . . . 11

1. Judge Duffy Properly Denied Persico's Motion on Prudential Grounds . . . . . . . . . . . . . . . . . . . . . . 11

2. Persico's Claim That He Was Sentenced in an Illegal Manner Is Time-Barred . . . . . . . . . . . . . . . . . . . . 14

3. Persico's Claim That His Sentence Is Illegal Fails . . . . . . . . . . . . . . . . . . 17

4. Persico's *Brady* Claims Are Not Cognizable Under Former Rule 35(a) . . . . . . . . . . . . . . . . . . . . . . . . . 19

5. The Government Did Not Breach Its *Brady* Obligations . . . . . . . . . . . . . . . . 22

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

PAGE

## TABLE OF AUTHORITIES

*Cases*:

*Daniels v. Uchtman*,
421 F.3d 490 (7th Cir. 2005) . . . . . . . . . . . . . . . . . 17

*Dodge v. Bennett*,
335 F.2d 657 (1st Cir. 1964). . . . . . . . . . . . . . . . . . 16

*Garvin v. United States*,
882 F. Supp. 68 (S.D.N.Y. 1995) . . . . . . . . . . . . . 14

*Government of Virgin Islands v. Gereau*,
603 F.2d 438 (3d Cir. 1979) . . . . . . . . . . . . . . . . . 15

*Grady v. Corbin*,
495 U.S. 508 (1990). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Herrera v. Collins*,
506 U.S. 390 (1993). . . . . . . . . . . . . . . . . . . . . . . 13

*Hill v. United States*,
368 U.S. 424 (1962). . . . . . . . . . . . . . . . 6, 9, 20, 21

*Shakur v. United States*,
44 F. Supp. 3d 466 (S.D.N.Y. 2014) . . . . . 5, 10, 12

*Slutzker v. Johnson*,
393 F.3d 373 (3d Cir. 2004) . . . . . . . . . . . . . . . . . 17

*Strickler v. Greene*,
527 U.S. 263 (1999). . . . . . . . . . . . . . . . . . . . . 17, 22

*United States v. Amiel*,
95 F.3d 135 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . 22

PAGE

*United States v. Blackmer*,
909 F.2d 66 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . 7

*United States v. Brown*,
1990 WL 95398 (9th Cir. 1990) . . . . . . . . . . . . . . . 21

*United States v. Cruz*,
543 F. App'x 117 (2d Cir. 2013) . . . . . . . . . . . . . . . 18

*United States v. DeLutro*,
617 F.2d 316 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . 14

*United States v. Ellenbogen*,
390 F.2d 537 (2d Cir. 1968) . . . . . . . . . . . . . . . . . . 17

*United States v. Finkielstain*,
293 F. App'x 62 (2d Cir. 2008) . . . . . 11, 12, 13, 14

*United States v. Huss*,
520 F.2d 598 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . 20

*United States v. Kelly*,
147 F.3d 172 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . 14

*United States v. Lika*,
344 F.3d 150 (2d Cir. 2003) . . . . . . . . . . . . . . . 10, 20

*United States v. Lussier*,
104 F.3d 32 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Mescaine-Perez*,
849 F.2d 53 (2d Cir. 1988) . . . . . . . . . . . . . . 6, 9, 18

*United States v. Morgan*,
346 U.S. 502 (1954). . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Persico*,
1993 WL 385799 (S.D.N.Y. 1993) . . . . . . . . . . . . 13

PAGE

*United States v. Persico*,
832 F.2d 705 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . 4

*United States v. Rivera*,
376 F.3d 86 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . 11

*United States v. Robinson*,
361 U.S. 220 (1960). . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Rowland*,
826 F.3d 100 (2d Cir. 2016) . . . . . . . . . . . . . . . . . 11

*United States v. Salerno*,
868 F.2d 524 (2d Cir. 1989) . . . . . . . . . . . . . passim

*United States v. Salerno*,
964 F.2d 172 (2d Cir. 1992) . . . . . . . . . . . . . . . . 4, 5

*United States v. Sambino*,
799 F.2d 16 (2d Cir. 1985) . . . . . . . . . . . . . . . 10, 11

*United States v. Schiff*,
876 F.2d 272 (2d Cir. 1989) . . . . . . . . . . . . . . . 9, 20

*United States v. Vogel*,
54 F.3d 49 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . 19

*United States v. Woods*,
986 F.2d 669 (3d Cir. 1993) . . . . . . . 10, 12, 13, 19

*Warren v. United States*,
358 F.2d 527 (D.C. Cir. 1965). . . . . . . . . . . . . . . . 16

*Statutes, Rules & Other Authorities*:

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 17

PAGE

Fed. R. Crim. P. 35 . . . . . . . . . . . . . . . . . . . . . . . . passim

# United States Court of Appeals

**FOR THE SECOND CIRCUIT**

**Docket No. 16-2361**

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

CARMINE PERSICO,

*Defendant-Appellant,*

ANTHONY SALERNO, PAUL CASTELLANO, ANIELLO DELLACROCE, GENNARO LANGELLA, ANTHONY CORALLO, SALVATORE SANTORO, CHRISTOPHER FURNARI, SR., PHILIP RASTELLI, RALPH SCOPO, STEFANO CANONE,

*Defendants.*

## BRIEF FOR THE UNITED STATES OF AMERICA

### Preliminary Statement

Carmine Persico appeals from an order entered June 24, 2016, in the United States District Court for the Southern District of New York, by the Honorable Kevin Thomas Duffy, United States District Judge,

denying Persico's motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a) as adopted in 1985 ("Former Rule 35(a)").

In 1986, a jury convicted Persico of (1) conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (2) substantive violations of RICO, (3) extortion and conspiracy to commit extortion, and (4) aiding and abetting labor bribery violations. Persico was sentenced to a term of 100 years in prison. Twenty-nine years after his conviction, Persico moved in the District Court to correct a purportedly "illegal" sentence under Former Rule 35(a). In his motion, Persico contended that his sentence was substantively unreasonable under the Sixth Amendment, illegal under the Due Process Clause of the Fifth Amendment, and "constitutionally defective" as a result of the Government's alleged failure to disclose exculpatory information. Judge Duffy denied Persico's motion concluding, first, that, regardless of the merits of the motion, he would not exercise the discretion conferred by Former Rule 35(a) to change Persico's sentence, and, second, that none of Persico's arguments was valid in any case. Persico timely appealed.

Persico is currently serving his sentence.

## Statement of Facts

In 1986, the Government successfully prosecuted a number of individuals involved in organized crime, including the five so-called "bosses" of the major crime "families" in New York, of whom Persico was one. *United States v. Salerno*, 868 F.2d 524, 528 (2d Cir. 1989). During the course of an 11-week trial in 1986,

the Government proved that Persico was the boss of the Colombo family and that, as such, he and three other bosses sat on a "Commission" that acted as a ruling body over the five La Cosa Nostra families in New York, and generally worked to coordinate and facilitate criminal activity among and between the families. *Id*.

The Government further proved that Persico and his co-defendants engaged in two schemes. First, the defendants (with the exception of co-defendant Anthony Indelicato) conspired to ensure that only concrete-construction companies selected by the Commission would be awarded concrete-construction contracts worth more than $2 million in New York City, and that any construction company so selected would pay the Commission two percent of the contract price. *Id.* at 529. Second, the Commission agreed to the murders of Carmine Galante, Guiseppe Turano, and Leonard Coppola as part of a plan to end a dispute within the Bonanno crime family. *Id.* Only Indelicato was charged with these murders as predicate acts in the RICO counts. *Id.*

Based on those crimes, Persico was charged with and ultimately convicted of (1) RICO conspiracy in violation of Title 18, United States Code, Section 1962(d); (2) substantive RICO acts, in violation of Section 1962(c); (3) conspiracy to commit extortion and 12 counts of extortion or attempted extortion, in violation of Title 18, United States Code, Section 1951(a); and (4) aiding and abetting six labor bribery violations, in violation of Title 18, United States Code, Sections 186(b)(1) and 2. *United States v. Salerno*, 868 F.2d at

527. The Honorable Richard Owen, then the presiding United States District Judge, sentenced Persico to a total of 100 years' imprisonment. *Id.* at 528.

On direct appeal, this Court rejected each of Persico's claims and affirmed his conviction and sentence. Those claims included that (1) the evidence was insufficient to support conviction, *id.* at 530-34; (2) certain evidence was improperly admitted, *id.* 534-38; (3) the Government violated Persico's double jeopardy rights and the District Court lacked jurisdiction, *id.* at 538-40; (4) the jury should have been sequestered during the entire trial, *id.* at 540; (5) the Government improperly withheld certain *Brady* material, *id.* at 541-42; and (6) the 100-year sentence was overly severe and improper, *id.* at 542-43. Among other things, the Court rejected Persico's claims that the Government had violated its obligations under *Brady* by failing to disclose reports suggesting that Philip Rastelli, not Carmine Galante, was boss of the Bonanno family, on the ground that such reports were immaterial. *Id.* at 541-42.

In 1991, Judge Owen denied Persico's motion seeking to vacate his conviction pursuant to Title 28, United States Code, Section 2255. *United States v. Salerno*, 964 F.2d 172, 173 (2d Cir. 1992). Judge Owen rejected Persico's claim that his convictions here violated his double jeopardy rights under *Grady v. Corbin*, 495 U.S. 508 (1990), as a result of Persico's prior conviction for similar conduct, which was affirmed in *United States v. Persico*, 832 F.2d 705 (2d Cir. 1987). This Court affirmed Judge Owen's denial of

Persico's Section 2255 motion. *United States v. Salerno*, 964 F.2d at 180.

Some 23 years after the Court affirmed the denial of Persico's Section 2255 motion, and nearly 29 years after Persico's conviction, he again sought, under Former Rule 35(a), to set aside his sentence on the grounds that his sentence was (1) substantively unreasonable under the Sixth Amendment, (2) illegal under the Due Process Clause of the Fifth Amendment, and (3) "constitutionally defective" as a result of the Government's alleged failure to disclose exculpatory information.

On June 24, 2016, Judge Duffy rejected Persico's motion under Former Rule 35(a). (A. 2-25).[1] Judge Duffy observed that "[u]nder former Rule 35(a), 'even if a sentence may be arguably "illegal," modification by the court is permissible (*i.e.*, within the court's discretion), as opposed to mandatory.'" (A. 11 (quoting *Shakur v. United States*, 44 F. Supp. 3d 466, 475 (S.D.N.Y. 2014))). Judge Duffy then exercised his "discretion to decline to alter Persico's sentence," noting in particular the lengthy passage of time between denial of Persico's habeas petition and the filing of the Former Rule 35(a) motion. (A. 12).

Nonetheless, Judge Duffy, "for the sake of completeness," also addressed the merits of Persico's claims. (A. 12). In particular, Judge Duffy concluded

---

[1] "Br." refers to Persico's brief on appeal; and "A." refers to the appendix to that brief.

that Persico's claim that Judge Owen had relied on inaccurate facts in determining Persico's sentence was time-barred because it was a claim that "the sentence was imposed in an illegal manner, which is subject to [a] 120-day limitation," which runs from the date of sentence or the date that the conviction becomes final. (A. 17 (relying on *United States v. Mescaine-Perez*, 849 F.2d 53, 58 (2d Cir. 1988))). Judge Duffy further found that Persico had failed to make a showing that Judge Owen had in fact relied on any inaccurate information. (A. 18-19).

As to Persico's claim that his sentence was rendered illegal by purported *Brady* violations, Judge Duffy explained that "[t]he law is clear that a former Rule 35(a) motion to correct an illegal sentence is not the proper vehicle to assert *Brady* violations," which go to the legality of the conviction. (A. 21 (relying on *Hill v. United States*, 368 U.S. 424, 430 (1962)). Nonetheless, Judge Duffy addressed the specific items that Persico claimed constituted *Brady* material and had not been disclosed, and "conclude[d] that the government did not breach its *Brady* obligations." (A. 24).

## ARGUMENT

### Judge Duffy Properly Denied Persico's Motion Pursuant to Former Rule 35(a)

Persico raises two arguments on appeal, neither of which has merit. First, Persico contends that his sentence was imposed in an illegal manner because the Government submitted false information and withheld *Brady* information. (Br. 2). Second, Persico argues

that his sentence was illegal "as violating the Constitution's substantive guarantees" because it was imposed without the benefit of information the Government should have disclosed under *Brady*. (*Id.*). Each of these circumstances, Persico contends, requires correction of his sentence under Former Rule 35(a), and reversal of Judge Duffy's decision.

As set forth below, this Court need not address the substance of Persico's claims, as Judge Duffy properly exercised his discretion under Former Rule 35(a) not to correct Persico's sentence, regardless of the merits. In any event, Persico's claims also fail on the merits. In particular, (1) his claim that he was sentenced in an illegal manner is time-barred; (2) his claim that his sentence was unreasonable is also time-barred, is not cognizable under Former Rule 35(a), and is simply wrong; (3) Persico's claims are a renewed attack on the validity of his conviction, which is not permissible under Former Rule 35(a); and (4) Persico offers nothing to demonstrate error in Judge Duffy's factual conclusion that none of the items to which Persico points constitute *Brady* material.

## A. Applicable Law

Because Persico committed his offenses prior to November 1, 1987, the version of Federal Rule of Criminal Procedure 35 (i.e., "Former Rule 35") adopted in 1985 applies in this case. *United States v. Blackmer*, 909 F.2d 66, 67 (2d Cir. 1990), *vacated on other grounds*, 499 U.S. 944 (1991). Former Rule 35 provided:

> (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Fed. R. Crim. P. 35 (1985).[2]

---

[2] Rule 35 was amended following the passage of the Sentencing Reform Act, 98 Stat. 1987, which abolished federal parole. *United States v. Lussier*, 104 F.3d 32, 37 (2d Cir. 1997). Rule 35(a) now provides that "[w]ithin 14 days after sentencing, the court may cor-

"It is well established that a motion under [Former] Rule 35 can only be used to correct an illegal sentence, and not to correct trial errors or errors in other pre-sentencing proceedings." *United States v. Schiff*, 876 F.2d 272, 274 (2d Cir. 1989). Indeed, "as the Rule's language and history make clear, the narrow function of [Former] Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States*, 368 U.S. at 430. The Supreme Court has defined "illegal sentence" narrowly. Specifically, pursuant to Former Rule 35(a), a sentence is illegal and therefore eligible to be corrected if (1) the sentence exceeded the term prescribed by the relevant statutes, (2) the defendant was sentenced to multiple terms for the same offense, or (3) the sentence's terms were legally or constitutionally invalid. *Id.* at 430 & n.9.

Former Rule 35(a) also allows the correction of a sentence imposed in an "illegal manner"—that is, a sentence that was within the statutory limits set by Congress but which "violated the defendant's due process right not to be sentenced on the basis of inaccurate information." *United States v. Mescaine-Perez*,

---

rect a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "Congress thus explicitly foreclosed the Rule 35(a) route for obtaining judicial review of an allegedly illegal sentence at any time." *United States v. Lussier*, 104 F.3d at 37 (internal quotations marks and alteration omitted).

849 F.2d at 58. However, to the extent that a defendant challenges a sentence under Former Rule 35(a) for the imposition of a sentence in an "illegal manner," such a motion must be brought

> within 120 days after the sentence is imposed . . . , or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.

Fed. R. Crim. P. 35 (1985); *see also United States v. Lika*, 344 F.3d 150, 153 n.3 (2d Cir. 2003) ("Motions to correct an illegally imposed sentence must be brought within 120 days of the latest of the triggering events.").

"Rule 35 motions are essentially pleas for leniency," *United States v. Sambino*, 799 F.2d 16, 17 (2d Cir. 1985) (internal quotation marks omitted), and therefore, "under former Rule 35(a), even if a sentence may be arguably 'illegal,' modification by the court is permissible (*i.e.*, within the court's discretion), as opposed to mandatory," *Shakur v. United States*, 44 F. Supp. 3d at 475. Courts have recognized that "Rule 35 was not designed as a vehicle to reopen final judgments long since past ripe for review." *United States v. Woods*, 986 F.2d 669, 675 (3d Cir. 1993).

This Court's review of a denial of a Former Rule 35(a) motion "is limited to the question of abuse of discretion." *United States v. Sambino*, 799 F.2d at 17. "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Rowland*, 826 F.3d 100, 114 (2d Cir. 2016), *petition for cert. filed*, No. 16-639 (Nov. 14, 2016).

## B. Discussion

### 1. Judge Duffy Properly Denied Persico's Motion on Prudential Grounds

Judge Duffy denied Persico's motion in its entirety by exercising his "discretion to decline to alter Persico's sentence." (A. 12). In this appeal, Persico has offered no basis for this Court to disturb this conclusion, and for good reason: Judge Duffy's decision is located well within the range of permissible decisions, particularly where Persico challenged his sentence approximately 29 years after it was imposed and on many grounds substantially similar to those raised in previous phases of this case or his other prosecution.

This Court has observed that "[e]ven where the sentence was illegal, former Rule 35 only gave the court discretion to modify the sentence; it did not require that the court do so." *United States v. Finkielstain*, 293 F. App'x 62, 63 (2d Cir. 2008); *see also United States v. Rivera*, 376 F.3d 86, 91-92 (2d Cir. 2004) ("We note that the wide latitude provided in the older versions of Rule 35 for a sentence correction 'at

anytime' was not required by the Due Process Clause. A defendant has no due process right to continue to challenge his conviction in perpetuity."); *United States v. Woods*, 986 F.2d at 675 ("[T]he use of the word 'may' in the rule indicates that courts are free to apply reasonable and prudential limitations on the correction of illegal sentences."); *Shakur*, 44 F. Supp. 3d at 475 ("[E]ven if a sentence may be arguably 'illegal,' modification by the court is permissible (*i.e.*, within the court's discretion), as opposed to mandatory.").

In *Finkielstain*, the defendant moved to correct his sentence pursuant to Former Rule 35(a) approximately 18 years after the sentence was imposed. *United States v. Finkielstain*, 293 F. App'x at 63. This Court affirmed the denial of the motion, explaining that "[d]uring the years between the sentence and the motion to correct the sentence, Finkielstain had ample opportunity to challenge the legality of his sentence." *Id.* This Court therefore held that "[p]rudential considerations fully supported the district court's exercise of its discretion not to review the sentence in light of the passage of time." *Id.*; *see also Shakur*, 44 F. Supp. 3d at 475 (not reaching merits of a Former Rule 35(a) motion where 24 years had elapsed between sentencing and the Rule 35(a) motion, and the defendant had already raised his arguments in previous motions).

*Finkielstain*'s reasoning applies with even greater force here, where Persico has waited approximately 29 years to challenge his sentence under Former Rule 35(a), and where much of his argument has been presented previously and rejected. For example, in a mo-

tion for a new trial, Persico offered much the same argument that he presents here—that he was sentenced based on false information in the Government's sentencing memorandum regarding his involvement, among other things, in the killing of Thomas Spero. That argument was rejected some 23 years ago. *United States v. Persico*, 1993 WL 385799, at *9 (S.D.N.Y. 1993).

Moreover, Persico has advanced no argument for disturbing Judge Duffy's determination to exercise his judicial discretion not to reopen decades-old issues. *See Woods*, 986 F.2d at 674-75 (noting that "[o]ur legal system has a strong interest in the finality of adjudication" and that courts "are free to apply reasonable and prudential limitations on the correction of illegal sentences" under Former Rule 35); *cf. Herrera v. Collins*, 506 U.S. 390, 426 (1993) (O'Connor, J., concurring) ("At some point in time, the State's interest in finality must outweigh the prisoner's interest in yet another round of litigation. In this case, that point was well short of eight years."). In these circumstances, this Court has made clear that it is a proper use of the court's discretion under Former Rule 35(a) not to reach the merits of the motion. *Finkielstain*, 293 F. App'x at 63.

Accordingly, Judge Duffy did not err, let alone abuse his discretion, in denying Persico's motion on prudential grounds.

### 2. Persico's Claim That He Was Sentenced in an Illegal Manner Is Time-Barred

Persico contends that he was sentenced in an illegal manner "because of the sentencing court's consideration of false information concerning his leadership role in the Colombo family and participation in uncharged acts of murder and violence." (Br. 18). As Judge Duffy correctly explained, "Former Rule 35(a) expressly distinguishes illegal sentences, which a court may correct at any time, and sentences imposed in an illegal manner, which a court may only correct within 120 days of either the date of sentence or the date the conviction became final." (A. 17 (citing *United States v. DeLutro*, 617 F.2d 316, 317 (2d Cir. 1980))). "If more than 120 days has elapsed since the last triggering event, then the Court lacks jurisdiction to correct a sentence imposed in an illegal manner under former Rule 35(a)." (A. 17 (citing *Garvin v. United States*, 882 F. Supp. 68, 70 (S.D.N.Y. 1995))). Persico's motion was, of course, filed decades past the 120-day deadline, and therefore was properly denied. *See, e.g.*, *Finkielstain*, 293 F. App'x at 63 ("To the extent Finkielstain's Rule 35(a) motion asserted that his sentence had been imposed in an illegal manner, under the Rule as in effect at the time of his sentencing, such a motion was required to be filed within 120 days after the sentence was imposed.").

Persico now contends on appeal that the 120-day limitation should be excused by the Government's failure to disclose *Brady* material—an argument that was not raised before Judge Duffy and is therefore waived. *E.g.*, *United States v. Kelly*, 147 F.3d 172, 177 (2d Cir.

1998) ("Because [the defendant] did not raise this claim in district court, we deem it waived."). In any case, Persico's argument that Former Rule 35(a)'s 120-day limitation should be tolled is unavailing. Even if the items Persico identifies did constitute *Brady* material—which they do not, as discussed below—Persico's decades-long delay would not be excusable. In particular, Persico's argument that he "was unable to bring such motion because he neither knew, nor could fairly argue that his sentence was illegal under former Rule 35(a) until he discovered through his own investigations the *Brady* evidence that had been suppressed by the Government" is wrong as a matter of logic and law. (Br. 21). Although Persico would like to cloak his claim in the name of *Brady*, the nature of his argument is in fact that Judge Owen based his sentence, in part, on evidence Persico claims was false regarding his role in the "Commission" and related violence. (Br. 25-26). Not only was Persico able to contend that the information contained in his Presentence Investigation Report was inaccurate at the time, but in fact he made much the same arguments in his direct appeal, and this Court rejected those arguments. *See Salerno*, 868 F.2d at 541-42.

Nor do any of the arguments offered by Persico suggest that Former Rule 35(a)'s 120-day limitation may be tolled where a defendant purports to rely on *Brady* material lately discovered. To the contrary, the cases relied upon by Persico make clear that "[t]he time limits prescribed in Rule 35 are jurisdictional and cannot be extended by order of the court." *Government of Virgin Islands v. Gereau*, 603 F.2d 438, 440 (3d Cir. 1979) (citing *United States v. Robinson*, 361 U.S. 220 (1960)).

Indeed, *Gereau* stands merely for the proposition that if a court sets a deadline for a Former Rule 35(a) motion that turns out to be incorrect, the court's deadline controls. *Id.* at 442. *Gereau* does not support Persico's view that reliance on *Brady* offers a defendant limitless tolling of the 120-day period. The other cases cited by Persico similarly provide only that missing a filing deadline may be excused in certain circumstances involving mechanical or calculation errors, not that Former Rule 35(a)'s time limit is subject to tolling. *See Dodge v. Bennett*, 335 F.2d 657, 659 (1st Cir. 1964) (Former Rule 35(a) motion timely where the missing of the deadline was caused by the prison mail system);[3] *Warren v. United States*, 358 F.2d 527, 531 (D.C. Cir. 1965) (Former Rule 35(a) motion timely where pro se defendant relied on the date of a letter from the clerk

---

[3] Notably, although *Dodge* held that the court should not have considered the Former Rule 35(a) motion untimely, it nonetheless affirmed dismissal of the motion because the district court

> had nevertheless considered that motion on its merits and decided it adversely to Dodge. The [district] court's decision on the motion is, of course, discretionary. As such it could only be reversed by this court for abuse of discretion which would be hard to find in any case, let alone in this one where no abuse of discretion appears or is even suggested.

*Dodge*, 335 F.2d at 659.

of court notifying him of "the court's action but not of the date of the denial").

None of these cases in any way concerns, let alone suggests as a basis for tolling, any late disclosure of *Brady* material or other action by the Government, as Persico implies. (*See* Br. 23). In fact, none of the cases Persico cites involving *Brady* claims concerns Former Rule 35(a) or its jurisdictional time limits—rather, they involve the deadlines for motions under Section 2255 set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Strickler v. Greene*, 527 U.S. 263, 289 (1999) (discussing the doctrine of procedural default); *Daniels v. Uchtman*, 421 F.3d 490, 491-92 (7th Cir. 2005) (finding a Section 2255 motion untimely under the one-year limitations period set forth in AEDPA); *Slutzker v. Johnson*, 393 F.3d 373, 381-82 (3d Cir. 2004) (addressing the doctrine of procedural default).

In short, "[t]he time limitation stated in Rule 35 . . . is jurisdictional and cannot, under any circumstances, be extended by order of the court." *United States v. Ellenbogen*, 390 F.2d 537, 541 (2d Cir. 1968).

### 3. Persico's Claim That His Sentence Is Illegal Fails

Persico contends, relying again on purported failures by the Government to disclose *Brady* material, that his sentence "violates the Constitution's substantive guarantee that a defendant will not be subjected to punishment that is either disproportionate or excessive." (Br. 34). This argument fails, first, because it is nothing more than a renaming of his argument that he

was sentenced in an illegal manner, which is time-barred as described above; second, because his sentence is not subject to substantive reasonableness review; and third, because this Court has already stated clearly that Persico's sentence was not unreasonable.

Persico argues that his sentence is illegal because, "[w]hen a sentence is based upon false and incomplete information, the factual foundation on which the sentence is based . . . is substantively inaccurate" (Br. 34), and his sentence "is tainted by *Brady* withholdings and based on a false and incomplete account of [his] history" (Br. 35). This claim is no different than his contention that he was sentenced in an illegal manner due to false and incomplete information, and, indeed, a claim under Former Rule 35(a) that a sentence is illegal because it was based on inaccurate information is, for purposes of Former Rule 35, a claim that the sentence was imposed in an illegal manner. *See Mescaine-Perez*, 849 F.2d at 58. Thus, notwithstanding Persico's attempt to recast his argument as a second and separate claim that his sentence violated "the Constitution's substantive guarantees" (Br. 33), it is time-barred as set forth above.

Further, as Judge Duffy explained, "substantive reasonableness review is inapplicable in cases where the defendant's offenses pre-dated the Sentencing Guidelines." (A. 13-14 (relying on *United States v. Cruz*, 543 F. App'x 117, 118 (2d Cir. 2013))).

> For offenses occurring prior to the effective date of the Guidelines, the sentencing court has wide discretion in imposing sentence, and, if a sentence is within the

> permissible statutory limits and it does not appear that the court took into account any improper factor, the sentence may not be reviewed on appeal.

*United States v. Vogel*, 54 F.3d 49, 51 (2d Cir. 1995) (per curiam) (internal quotation marks and ellipsis omitted). Persico does not contend, nor could he, that his sentence is beyond the statutory limits or that Judge Owen considered an improper factor, and therefore Persico's sentence is not illegal.

Finally, Former Rule 35(a) is not "a vehicle to reopen final judgments long since past ripe for review," *Woods*, 986 F.2d at 675, and Persico has long since exhausted his opportunity to claim that his sentence was unreasonable or excessive. As Judge Duffy explained, "Persico previously challenged his sentence on direct appeal, and the Second Circuit upheld Persico's sentence, finding that Judge Owen did not abuse his 'wide discretion' in sentencing Persico." (A. 16 (quoting *Salerno*, 868 F.2d at 543)). Accordingly, the Court should affirm Judge Duffy's rejection of Persico's claim that his sentence was excessive or unreasonable.

#### 4. Persico's *Brady* Claims Are Not Cognizable Under Former Rule 35(a)

Both of Persico's arguments rely on purported failures by the Government to disclose *Brady* material and, for this reason, neither is a proper subject for a Former Rule 35(a) motion. As Judge Duffy explained, "Persico's *Brady* claims do not concern the legality of his sentence, which was plainly authorized by the judgment of conviction," but, rather, "Persico's *Brady*

claims seek to introduce information outside the trial record . . . in order to mount a collateral attack on the underlying judgment of conviction." (A. 21).

The law is clear that "the narrow function of [Former] Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill*, 368 U.S. at 430. Former Rule 35 cannot, therefore, be used "to correct trial errors or errors in other pre-sentencing proceedings." *United States v. Schiff*, 876 F.2d at 274.

Persico's *Brady* arguments go directly to the proof put on at trial and do not go to the validity of the *sentence*, which was undoubtedly authorized by the judgment of conviction. This case presents much the same circumstances as *United States v. Lika*, where the defendant argued that the sentence was illegal because (1) the court lacked subject matter jurisdiction; (2) the indictment was defective; and (3) the jury instructions were defective. 344 F.3d at 152. The Court held:

> Sentences subject to correction as "illegal" under former Rule 35 are "those that the judgment of conviction did not authorize." *United States v. Morgan*, 346 U.S. 502, 506 (1954). By that measure, Lika's sentence plainly is not illegal. It is not "in excess of a statutory provision or otherwise contrary to the applicable statute," *United States v. Huss*, 520 F.2d 598, 602 (2d Cir. 1975), and its terms are not "legally or constitutionally invalid in any

> other respect," *Hill*, 368 U.S. at 430. Defendant offers no argument to the contrary.

*Id.* at 153. So too here, Persico offers no argument that the *terms* of his sentence were illegal—he contends only that the Government failed to produce information that would have assisted him at trial. Persico has had many opportunities to raise this argument; a Former Rule 35 motion is not one of them.

In fact, the Ninth Circuit has explicitly rejected the attempt to import *Brady* claims into a Former Rule 35 motion. In *United States v. Brown*, 1990 WL 95398, at *3 (9th Cir. 1990), that court considered the defendant's argument "that his sentence should be vacated because the government violated *Brady* . . . in that it presented false evidence and suppressed mitigating evidence during his trial and subsequent sentencing hearing." The court explained that "[t]he purpose of a Rule 35 motion is to challenge the sentence imposed, not to review errors that occurred before sentencing," and held that the defendant's *Brady* claims were not proper under Former Rule 35 because they did "not concern the legality of the sentence itself; rather, they concern[ed] alleged violations which [we]re not disclosed by the record and which occurred, if at all, prior to sentencing." *Id.* at *4.

Persico's claims that the Government withheld evidence do not go to the legality of his sentence and therefore are not proper subjects of a Former Rule 35 motion. Because "[t]he punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense,

nor were the terms of the sentence itself legally or constitutionally invalid in any other respect," "[t]he sentence in this case was not illegal." *Hill*, 368 U.S. at 430.

### 5. The Government Did Not Breach Its *Brady* Obligations

Even if Persico's *Brady* claims were legally proper and not timed-barred, they would still fail. Addressing the materials that Persico contends were required to be disclosed under *Brady*, Judge Duffy found that "[t]he Government had no *Brady* obligation to turn over the undisclosed documents that were part of the FBI's investigatory work and contained 'preliminary, challenged or speculative information' " (A. 23 (quoting *United States v. Amiel*, 95 F.3d 135, 145 (2d Cir. 1996))), and that the documents "were not 'material' as there is no 'reasonable probability' that had the documents been disclosed to the defense, the result of the trial would have been different' " (A. 24 (quoting *Strickler v. Greene*, 527 U.S. at 280)). Persico has offered nothing to suggest that these findings were clear error.

## CONCLUSION

**The opinion and order should be affirmed.**

Dated: New York, New York
January 9, 2017

Respectfully submitted,

PREET BHARARA,
*United States Attorney for the Southern District of New York, Attorney for the United States of America.*

MATTHEW D. PODOLSKY,
MICHAEL FERRARA,
*Assistant United States Attorneys, Of Counsel.*